UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DARLENE MAYS,<br>as Personal Representative of the<br>Estate of DANIEL MAYS,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, d/b/a<br>NORTHERN INDIANA HEALTH CARE<br>SYSTEM, including FORT WAYNE<br>CAMPUS, MARION CAMPUS, RICHARD<br>J. ROUDEBUSH VA MEDICAL CENTER,<br>PERU COMMUNITY BASED<br>OUTPATIENT CLINIC, and VA ANN<br>ARBOR HEALTHCARE SYSTEM,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO. 3:15-CV-617-WCL-MGG |

**OPINION AND ORDER**

On March 24, 2016, Defendant filed its Motion to Dismiss, which requested the dismissal of Count II of the Plaintiff's Complaint for lack of subject matter jurisdiction, and dismissal of each of the Counts of the complaint for failure to state a clam for relief [DE 11]. On June 2, 2016, Plaintiff filed its response in opposition to Defendant's motion [DE 15]. Defendant's motion became ripe on June 28, 2016, when a reply brief was filed [DE 22]. The undersigned may enter a ruling on this matter based on the parties' consent pursuant to 28 U.S.C. § 636(c)(1). For the reasons discussed below, the Court grants Defendant's motion, in part, and denies Defendant's motion, in part.

## I. RELEVANT BACKGROUND

On December 22, 2015, Darlene Mays, as the personal representative of the Estate of Daniel Mays filed this cause of action against the Defendant under the Federal Tort Claims Act, 28.U.S.C. § 2671, *et seq.*, and 28 U.S.C. § 1346(b)(1). The personal representative, Darlene Mays, is the widow of Daniel May.

The basis for the Plaintiff's claims is that Daniel Mays was a Vietnam War era veteran of the United States Marine Corps, who was eligible for patient, medical, and mental health care through the United States Department of Veterans Affair (VA). The complaint details that Mr. Mays received treatment from the VA at the facilities located in Fort Wayne, IN, Marion, IN, Peru, IN, Indianapolis, IN, and Ann Arbor, MI, for a variety of physical and mental health conditions.[1] Mr. Mays's condition declined appreciably during November of 2013, when he began to complain of excruciating pain and even threatened self-harm. On November 25, 2013, Mr. Mays went to the Emergency Room at non-VA Woodlawn Hospital due to his intractable pain. Woodlawn consulted with the Roudebush VA Medical Center (VAMC) in Indianapolis, which denied him admission and instead recommended admission to Fort Wayne VA. After again requesting and being again denied admission to Roudebush VAMC, Mr. Mays was admitted to Lutheran Hospital in Fort Wayne, IN. Upon discharge, Mr. Mays was denied physical therapy and admission to a nursing facility, but was sent home with an order for home-based health care services. On December 23, 2013, Mr. Mays committed suicide.

---

[1] Mr. Mays's medical history included diagnoses of chronic bilateral shoulder and back pain, lumbar spondylosis, osteoarthritis, osteopenia, cervical radiculopathy, cervical myelopathy, and spinal stenosis. [DE 1 at 5]. Mr. Mays' mental health history included diagnoses of post-traumatic stress disorder, depression, anxiety, intermittent explosive disorder, bipolar depression, steroid induced mood disorder, rule out bipolar disorder, remote history of alcohol abuse, suicide ideations, a suicide attempt, and previous psychiatric admissions to VA facilities. *Id.*

Plaintiff's complaint for relief is plead in five counts: Count I – Professional Negligence; Count II – Breach of Contract; Count III – Wrongful Death; Count IV – Gross Negligence, and Count V – Loss of Consortium. The gravamen of Plaintiff's complaint is that Daniel Mays committed suicide on December 23, 2013, due to the negligent, grossly negligent, and willful and wanton misconduct of the Defendant.

As noted above, the Defendant moved to dismiss each of these counts for failure to state claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, in her response, concedes that she cannot pursue separate claims for professional negligence and gross negligence against the Defendant, but asserts that these acts of negligence form the basis of her claim for wrongful death. Likewise, Plaintiff concedes that her claim should not be characterized as a breach of contract claim. Plaintiff asserts, however, that she may pursue a loss of consortium claim pursuant to Indiana Code § 34-23-1-2 (Indiana Adult Wrongful Death Act).

## II. ANALYSIS

This Court has original jurisdiction over this action against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b)(1). Therefore, the Federal Rules of Civil Procedure govern. Under Fed. R. Civ. P. 12(b)(6), dismissal of a claim is appropriate when it fails to allege a cause of action for which relief can be granted. Federal law only requires a plaintiff to provide a short and plain statement of the claim that the pleader is entitled to relief. Fed. R. Civ. P. 8; *see Bartholet v. Resihauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). When considering a 12(b)(6) motion to dismiss, the court should construe the claim in the light most favorable to the pleader, "accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not include detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations quotations omitted). Where the allegations are no more than conclusions, they are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. Yet even well-pleaded facts may not be enough for a claim to survive a motion to dismiss if the facts do not allow the court to infer more than the mere possibility of misconduct. *Id.* In addition, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

In her response [DE 15], Plaintiff concedes the insufficiency of her complaint, at least, in part. First, Plaintiff concedes that her complaint should not be characterized as a breach of contract claim. [DE 15 at 10]. The Court agrees. *See, e.g.*, *Sweazey v. U.S. ex rel. Veterans Admin. Med. Ctr.*, 69 F. App'x 435, 437 (10th Cir. 2003) [citing *Schism v. United States*, 316 F.3d 1259, 1274–75 (Fed. Cir. 2002). Accordingly, the Defendant's motion to dismiss for failure to state a claim should be granted with respect to Count II.

Similarly, the Plaintiff acknowledges that she cannot pursue claims for professional negligence and gross negligence against the Defendant and these claims should be subsumed in her claim for wrongful death. The Court also agrees that these claims, to extent that they exist in this cause of action, lie in the wrongful death claim and not as separate counts. As such, the

Defendant's motion to dismiss for failure to state a claim should be granted with respect to Count I and Count IV.

In response to Defendant's motion to dismiss Count V, the Plaintiff asserts that she is entitled to recover loss of consortium damages on behalf of the Estate of Daniel May based on Indiana Code § 34-23-1-2, which provides in relevant part:

> (c) In an action to recover damages for the death of an adult person, the damages:
> ….
> (3) may include but are not limited to the following:
> (A) Reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death.
> (B) Loss of the adult person's love and companionship.

Ind. Code § 34-23-1-2(c)(3). This particular statute is known as the Indiana Adult Wrongful Death Statute (AWDS). *See, e.g.*, *McCabe v. Comm'r, Ind. Dep't of Ins.,* 949 N.E.2d 816, 817 (Ind. 2011); *Ind. Patient's Comp. Fund v. Brown*, 949 N.E.2d 822, 823 (Ind. 2011). Significantly, this particular statute defines "adult person" as "an ***unmarried*** individual." Ind. Code § 34-23-1-2(a) *(emphasis added)*. As Mr. Mays was a married individual at the time of his death, and as his surviving spouse is the personal representative of the Estate of her late husband and is the Plaintiff in this cause of action, the Plaintiff may not recover loss of consortium damages pursuant to Indiana Code § 34-23-1-2(c)(3)(B).[2]

The only remaining portion of the complaint is the Wrongful Death claim stated as Count III of Plaintiff's Complaint [DE 1 at 15, ¶¶ 73–75]. A claim for wrongful death is authorized by Indiana Code § 34-23-1-1, which provides, in relevant part, that:

> [w]hen the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission.

---

[2] The Court takes no position on whether Darlene Mays would have a separate claim for loss of consortium.

"In order to prevail on a wrongful death claim sounding in negligence, a plaintiff must establish the existence of the following three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach." *Lane v. Walgreen Co.*, No. 1:12-CV-01180-SEB, 2014 WL 2881543, at \*7 (S.D. Ind. June 24, 2014) (internal quotations omitted).

The Defendant avers that the Plaintiff, as a matter of law, cannot demonstrate causation because Mr. Mays's suicide was an intervening cause that broke the chain of causation. *Hooks SuperX, Inc. v. McLaughlin*, 642 N.E.2d 514, 520 (Ind. 1994) (citing *Havert v. Caldwell* 452 N.E.2d 154, 158 (Ind. 1983)) (an intervening cause is a "superseding cause that results in the original negligence being considered a remote cause and not a proximate cause"). Under Indiana law, suicide constitutes an intervening cause, as a matter of law, if it is committed by a person who is sane enough to realize the effect of his actions. *Id.* (citing *Kimberlin v. DeLong*, 637 N.E.2d 121 (Ind. 1994)). In *Hooks*, the Supreme Court of Indiana concluded that the trial court, based on the designated evidence, did not err in finding that there remained a genuine issue of material fact as to whether the decedent's suicide was voluntary or involuntary. *Id.* at 521.

Of course, this case is before the Court on a motion to dismiss, not a motion for summary judgment as in *Hooks*. As such, the level of deference this Court is required to give to the complaint is even greater than that afforded the designated evidence in *Hooks*. That is, the complaint must merely "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the pleaded factual content allows the court to draw

6

the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 680 (citing *Twombly*, 550 U.S. at 544).

The complaint here is sufficiently specific to allow the Court to drawing reasonable inferences in the favor of the non-moving party, *i.e.*, the Plaintiff. The critical question presented in Plaintiff's wrongful death claim is whether Mr. Mays was acting voluntarily or involuntarily when he committed suicide. Plaintiff alleges Mr. Mays's extensive medical, mental health, and treatment histories, in sufficient detail to support the inference that Mr. Mays acted involuntarily when he committed suicide.[3] As such, Plaintiff's wrongful death claim in Count III states a claim upon which relief may be granted. Therefore, the Court denies the Defendant's motion to dismiss as to Count III of Plaintiff's complaint.

### III. CONCLUSION

For the reasons stated above, the Court now **GRANTS** Defendant's motion to dismiss [DE 11] with respect to Counts I, II, IV, and V, and **DENIES** Defendant's motion to dismiss [DE 11] with respect to Count III. The Plaintiff is granted leave to file an amended complaint no later than **February 7, 2017**.

**SO ORDERED.**

Dated this 17th day of January, 2017.

> S/Michael G. Gotsch, Sr.
> Michael G. Gotsch, Sr.
> United States Magistrate Judge

---

[3] As the Court cannot speculate on the evidence that the parties may be able to designate following pre-trial discovery, the Court takes no position on whether this claim would survive a motion for summary judgment under Fed. R. Civ. P. 56.